UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL WYETH                                                     CIVIL ACTION

VERSUS                                                            NO. 07-2823

ROWAN COMPANIES, INC.                                             SECTION "N"  (5)

## ORDER AND REASONS

Before the Court is the Motion to Exclude the Testimony and Report of Kenneth Kaigler (Rec. Doc. 16), which is opposed. After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

**I.     BACKGROUND**

Plaintiff Michael Wyeth ("Wyeth") was employed by Defendant, Rowan Companies, Inc. ("Rowan"), as a floorhand. While Wyeth was working aboard Rowan's vessel, the MODU GORILLA III, he sustained injuries to his lower back. Wyeth later filed suit against Rowan and retained Kenneth Kaigler ("Kaigler") as an expert in drilling operations and rig operational safety.[1] In the instant motion, Rowan seeks to exclude Kaigler's testimony and report.

**II.    LAW AND ANALYSIS**

Under *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786,

---

[1] Rowan refers generally to Kaigler as Plaintiff's proposed safety/liability expert. (See Rec. Doc. 16-3, p. 1).

2795, 125 L.Ed.2d 469 (1993), the Supreme Court has made it clear that the district court must act as a gatekeeper, permitting only reliable and relevant evidence to be presented to the trier of fact. See also Fed. Rules Evid. 104(a), 401, 402 and 702. In determining the admissibility of an expert's testimony, the court must undertake a two-part determination: (1) whether the proffered testimony is reliable, which requires as assessment of whether the reasoning or methodology underlying the testimony is scientifically valid; and (2) whether the testimony is relevant. *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661 (5th Cir.1991), citing *Daubert*, 509 U.S. at 592-93, 113 S.Ct. 2786, 125 L.Ed.2d 469.

Under *Daubert*, an expert's scientific theories and methodology must be measured against five factors to determine reliability: (1) whether the expert's method has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 275 (5th Cir.1988). These factors also apply to "technical or specialized expert testimony as well as to scientific expert testimony." *Black v. Food Lion, Inc.*, 171 F.3d 308 (citation omitted). The burden is on the proponent of the expert to prove by a preponderance of the evidence that the testimony is reliable. *Moore*, 151 F.3d at 276.

In the instant matter, Rowan seeks to exclude Kaigler's opinions as to the alleged duty and fault of Rowan and any opinions concerning Wyeth's physical abilities. Rowan claims that Kaigler's opinions will not assist the Court or the jury in understanding the evidence. Specifically, Rowan argues that Kaigler's opinions are offered merely as an effort to usurp the role of the Court and the jury by stating erroneous legal conclusions concerning the existence and scope of Rowan's

purported duty to Wyeth.  Further, Rowan asserts that Kaigler's opinions should be excluded because they impermissibly interpret the facts of the case to conclude that Rowan was at fault and that it breached an alleged duty which Kaigler created in his report.  Rowan complains that Kaigler gives impermissible opinions as to Wyeth's physical abilities, on which he is not competent to testify, as he is only offered by Wyeth as a safety/liability expert and not as a vocational rehabilitation expert.

In opposition, Wyeth asserts that Kaigler, who is offered as an expert in drilling rig operations and rig operational safety, has specific experience working derricks and supervising rig-tripping operations. Wyeth claims that Kaigler's expert opinions that are offered in his report are based upon the technical and other specialized knowledge gained through his petroleum industry experience, training, and education.  Specifically, Wyeth claims that Kaigler is not offering legal conclusions as to the fault or negligence of Rowan. Wyeth explains that the facts of this matter are not within the common experience and knowledge of an average juror as facts regarding drilling industry operations are far beyond the average juror's common experience.

The Court agrees with Rowan that the Kaigler's testimony and portions of his report that relate to the existence and scope of Rowan's duties owed to Wyeth are inadmissible.  It is undisputed that the existence and scope of such duties are questions of law.  See *Dupre v. Chevron U.S.A., Inc.*, 20 F.3d 154, 157 ((5th Cir. 1994).  The Fifth Circuit has held that experts should be precluded from offering legal opinions. *Estate of Sowell v. U.S.*, 198 F.3d 169, 171-72 (5th Cir. 1999) (citing *Askanase v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir.1997)).  Thus, because the issues of whether and to what extent a duty was owed to Wyeth by Rowan are questions of law, Kaigler should be precluded from offering opinions as to those issues.  Further, Kaigler's testimony

3

regarding Rowan's alleged breach of these duties should also be excluded. *Askanase*, 130 F.3d at 673 ("Whether the [the defendants] breached their fiduciary duties is an issue for the trier of fact to decide. It is not for [the expert witness] to tell the trier of fact what to decide.")  Accordingly, the Court will exclude all portions of the report prepared by Kaigler and all testimony of Kaigler regarding the existence and scope of duties owed by Rowan to Wyeth and the alleged breach of those duties.

As for Rowan's argument that Kaigler should be prohibited from testifying regarding Wyeth's abilities because he is not a vocational expert, this Court agrees with Rowan that this testimony should be excluded. When Kaigler testified that Wyeth "was not accustomed to handling stands of the large heavy drill pipe on this rig," Kaigler purportedly made that statement based on his review of Wyeth's deposition testimony.  The Court concludes that Wyeth does not need an expert to repeat or explain testimony from Wyeth's deposition. Such testimony from an expert is unhelpful and unnecessary and shall be excluded. Indeed, the plaintiff himself may testify as to his actual training and his capabilities and submit to cross-examination of such testimony. While the Court will not allow Kaigler to testify regarding what Wyeth did or did not know or what Wyeth was accustomed to doing, the Court will allow Kaigler to testify regarding what the general responsibilities of a typical floorhand on a jack-up drilling rig are and what training is required to adequately meet those responsibilities.

Last, the Court will allow Wyeth to offer the expert testimony of Kaigler regarding the general matters to which Wyeth refers in his opposition memorandum, i.e., facts involving drilling industry operations which are far beyond the average juror's common experience including the meaning of the following terms and phrases:  "tripping pipe into the hole", "tripping pipe out of the

hole", "MODU", "jack-up", the derrick on a rig, a "monkey board", the "fingers", a "stand of pipe", a "belly rope", an "air hoist" or "mule" in the derrick, and any applicable and specific industry standards and guidelines.  Kaigler can also testify regarding the weight of '5 1/2 drill pipe - as opposed to other types of tubular goods.

### III.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion to Exclude the Testimony and Report of Kenneth Kaigler (Rec. Doc. 16)** is **GRANTED IN PART AND DENIED IN PART**.

New Orleans, Louisiana, this 26th day of August, 2008.

                                        **KURT D. ENGELHARDT**
                                        **UNITED STATES DISTRICT JUDGE**